UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| TANZANIA CHANCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:22-cv-02783 |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSITIONAL CENTER INC., | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Tanzania Chance ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Transitional Center Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") for Defendant's pregnancy-based and sex-based discrimination against Plaintiff.

2. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") for Defendant's failure to pay minimum wage for all hours work and overtime wages to Plaintiff.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* and Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

4. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this district.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6. A charge of employment discrimination on the basis of pregnancy and sex was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR").  (Attached hereto as Exhibit "A").

7. Notification of the Right to Sue was received from EEOC (Attached hereto as Exhibit "B") and this Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Tanzania Chance resides in St. Clair County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Transitional Center Inc., is a corporation doing business in and for St. Clair County whose address is 353 North 88th Street, East Saint Louis, IL 62203.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

2

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Youth Care Worker beginning on January 31, 2022.

13. After Plaintiff disclosed that she was pregnant, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class, violating Title VII.

14. At all relevant times, Plaintiff is a female and pregnant.

15. On or about January 31, 2022, Plaintiff started training at Transitional Center Inc. as a Youth Care Worker.

16. Plaintiff was instructed to complete twenty-eight (28) hours of training before she could start.

17. From January 31, 2022 to February 9, 2022, Plaintiff completed approximately forty-five (45) hours of training.

18. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

19. On or about February 9, 2022, Plaintiff found out she was pregnant.

20. As soon as Plaintiff arrived at work, Plaintiff immediately told her trainer, Mr. Bill, that she was pregnant.

21. Later that day Plaintiff was approached by Human Resources and was asked, "are you pregnant, and how many months along are you?"

22. Plaintiff was then called into Supervisor Mario's office. Mario said to Plaintiff, "you did not complete the training so you are terminated."

23. However, Plaintiff did complete the required training. In fact, Plaintiff completed 45 hours of training. Keep in mind, Plaintiff was only required 28 hours of training.

24. Furthermore, Defendant terminated Plaintiff within hours after she disclosed her pregnancy.

25. Plaintiff was terminated in pre-text fashion and the actual reason was on the basis of her sex and pregnancy.

26. Furthermore, Plaintiff was not paid for 10 hours of work on her last check.

27. On Plaintiff's last paycheck, she should have been paid for 45 hours worked but she was only paid for 35 hours.

28. Effectively, Plaintiff was not paid for all hours worked and is owed five hours in straight time and five hours in overtime pay.

29. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

### COUNT I
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Sex-Based Discrimination and Pregnancy-Based Discrimination**

30. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

32. The Pregnancy Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

33. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

34. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

35. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

36. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

37. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay minimum wages to Plaintiff for all time worked.

38. During the course of her employment by Defendants, Plaintiff was not exempt from

5

the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

39. Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours work.

40. Pursuant to 29 U.S.C. § 206, for all weeks during which Plaintiff worked she was entitled to be compensated at a rate 100% of their regular rate of pay.

41. Defendants did not compensate Plaintiff at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

42. Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

43. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff minimum wage pay for all times worked.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A judgment in the amount of Plaintiff's regular rate of pay for all hours worked that have not been paid;

   b. Liquidated damages in an amount equal to the amount of compensation found due;

   c. Reasonable attorneys' fees and costs incurred in filing this action; and

   d. For such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act -- Overtime Wages

44. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

45. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual workweeks.

46. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

47. Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours per week in one or more individual workweeks.

48. Pursuant to 29 U.S.C. § 207, for all weeks during which worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

49. Defendant did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

50. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

51. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime pay for time worked in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks that have not been paid;

    b. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    c. Reasonable attorneys' fees and costs incurred in filing this action; and

    d. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of November, 2022.

                                            Respectfully submitted,

*/s/ Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No. 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

*/s/ Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No. 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*